JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X     Case No.:
KEVIN HODGE, an individual, on behalf
of himself and all others similarly situated,

                       Plaintiff,

    -against-                                   **COMPLAINT**

AR & R SECURITY, INC., ALWAYS READY
AND RELIABLE SECURITY, INC., MARK KING and
IBRAHIM PARHAM, jointly and severally,

                       Defendants
------------------------------------X

     Plaintiff Kevin Hodge, by his attorney, Abel L. Pierre, Esq., on behalf of himself and all others similarly situated who opt into this action, through his complaint alleges:

## NATURE OF ACTION

1. This is a challenge to Defendants' unlawful practice of paying its non-exempt employees for overtime at one and one-half (1.5) times their 'hourly' rate, as opposed to their 'regular' rate, as required by law. For years, Defendants undervalued Plaintiff's overtime pay by failing to include all remuneration for employment, such as the value of lodging, fringe benefits, etc., in its calculation. This calculation is incorrect and illegal. In sum, Defendant - for years – simply has grossly underpaid Plaintiff and other similarly situated employees for overtime.

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter, the "FLSA"), Plaintiff alleges that he is: (i) entitled to unpaid overtime wages from Defendants for his work beyond forty hours per week; and (ii) entitled to

  liquidated damages equal to his unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 216(b).

3. Pursuant to the New York Labor Law, Article 19 (unpaid overtime wages) (hereinafter the "NYLL"), Plaintiff alleges that he is: (i) entitled to unpaid overtime wages from Defendants for his work beyond forty hours per week; and (ii) entitled to liquidated damages equal to twenty-five percent of his unpaid overtime wages under New York Labor Law.

4. Pursuant to 29 U.S.C § 216(b), Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated employees of Defendants who elect to opt into this action.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law and contract claims pursuant to 28 U.S.C. §1367. In addition, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), as the events giving rise to the claim occurred therein.

## PARTIES

7. The Plaintiff Kevin Hodge was, at all relevant times, an adult male, residing in the State of New York, County of New York.

8. Upon information and belief, Defendant Always Ready and Reliable, Inc. is a foreign business corporation, doing business within the State of New York,

County of New York, whose gross annual business volume, sales and revenue exceed $500,000.00.

9. Upon information and belief, Defendant AR & R Security, Inc. is a corporation engaged in providing security, doing business within in the State of New York, County of New York, whose gross annual business volume, sales and revenue exceed $500,000.00.

10. Upon information and belief, the Defendant Mark King is an individual residing in the State of New York.

11. Upon information and belief, the Defendant Ibrahim Parham is an individual residing in the State of New York.

## FACTUAL ALLEGATIONS

*Statutory Coverage*

12. From approximately 2008 to 2012, Plaintiff was employed by Defendants within the meaning of §§ 2, 190, and 651 of the New York Labor Law.

13. From approximately 2008 to 2012, Plaintiff was and is employed by Defendants within the meaning of 29 U.S.C. § 203 of the FLSA.

14. In performing his duties for Defendants, Plaintiff was engaged in commerce within the meaning of FLSA.

15. In performing his duties for Defendants, Plaintiff used goods and products that had been moved or produced in interstate commerce.

16. From the commencement of Plaintiff's employment to the filing of this Complaint, Defendant Always Ready & Reliable, Inc. has been an enterprise engaged in commerce within the meaning of FLSA.

17. From the commencement of Plaintiff's employment to the filing of this Complaint, Defendant AR & R Security, Inc. has been an enterprise engaged in commerce within the meaning of FLSA.

18. From the commencement of Plaintiff's employment to the filing of this Complaint, Defendants have used goods and products that have been moved or produced in interstate commerce.

*The Parties' Employment Relationship*

19. Plaintiff has worked for Defendants from 2008 to 2012 (hereinafter, the "Covered Period").

20. Throughout the Covered Period, Plaintiff worked for Defendants as a security officer.

*Plaintiff's Work Hours and Schedules*

21. Throughout the Covered Period, Plaintiff was a full-time employee of Defendants.

22. Throughout the Covered Period, Defendants scheduled Plaintiff to work (barring vacation days, sick days, or other days off from his schedule) five eight-hour shifts per week and a swing shift schedule which included working an eight-hour shift on 2 afternoons, two overnights and one morning per week.

23. Plaintiff's work shifts for Defendants often totaled more than forty hours per week.

*Plaintiff's Remuneration*

24. Throughout the Covered Period, as consideration for employment, Defendants paid Plaintiff wages in cash and paper checks.

25. Plaintiff was paid $9.50 per hour.

26. Throughout the Covered Period, Plaintiff's weekly wages from Defendants varied depending on the number of hours Defendants assigned to him to work.

27. Throughout the Covered Period, Defendants paid Plaintiff overtime premium compensation of one (1.0) times his hourly rate of pay for hours he worked beyond forty per week.

28. Throughout the Covered Period, however, Defendants paid Plaintiff overtime premium compensation, the calculation of which did not include all remuneration for employment.

*Collective Action Allegations*

29. During the Covered Period, Defendants employed other employees in the same job title as Plaintiff.

30. During the Covered Period, Defendants subjected other employees than Plaintiff to the same overtime pay policies outlined above.

31. Defendants subjected other employees than Plaintiff to the same overtime pay policies outlined above even where those employees had different shifts and work schedules than Plaintiff.

32. Upon information and belief, Defendants continue to subject its employees to the same overtime pay policies it has applied to Plaintiff, as outlined above.

## FIRST CLAIM FOR RELIEF - FAIR LABOR STANDARDS ACT

33. Plaintiff alleges and incorporates by reference all of the above allegations.

34. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C §§ 206(a) and 207(a).

35. At all relevant times, the Defendants employed the Plaintiff and other employees within the meaning of the FLSA.

36. Under the FLSA, Plaintiff was entitled to overtime premium compensation from Defendants of one and one-half times his regular rate of pay for hours he worked beyond forty per week for Defendants.

37. Under FLSA, Plaintiff's regular rate of pay includes all remuneration for employment, whether in the form of wages or some other form, and whether paid directly to Plaintiff or to a third party.

38. By the above course of conduct, Defendants have violated the FLSA.

39. Defendants have violated the FLSA willfully.

40. Upon information and belief, Defendants' practice of not compensating Plaintiff at one and one-half (1.5) times his regular rate of pay for hours he worked beyond forty per week was not approved in writing by the United States Department of Labor or the New York Department of Labor.

41. Upon information and belief, Defendants' practice of not compensating Plaintiff at one and one-half (1.5) times his regular rate of pay for hours he worked beyond forty per week was not based on Defendants' (or any of its agents') review of any

policy or publication of the United States Department of Labor or the New York Department of Labor.

42. Upon information and belief, Defendants' practice of not compensating Plaintiff at one and one-half (1.5) times his regular rate of pay for hours he worked beyond forty per week was not based upon any advice of counsel received by Defendants.

43. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216 (b).

44. Other employees similarly situated to Plaintiff are entitled to the same relief that Plaintiff seeks under the FLSA.

## SECOND CLAIM FOR RELIEF - NEW YORK LABOR LAW

45. Plaintiff alleges and incorporates by reference all of the above allegations.

46. At all relevant times, the Plaintiff was employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

47. Under the New York Labor Law, Plaintiff was entitled to overtime premium compensation from Defendants of one and one-half (1.5) times his regular rate of pay for hours he worked beyond forty per week for Defendants.

48. Under the New York Labor Law, Plaintiff's regular rate of pay includes all remuneration for employment, whether in the form of wages or some other form, and whether paid directly to Plaintiff or to a third party.

49. By the above course of conduct, Defendants have violated the New York Labor Law.

50. Defendants have violated the New York Labor Law willfully.

51. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to New York Labor Law §§ 198, 663(1).

## PRAYER FOR RELIEF

52. Plaintiff respectfully requests that this Court grant the following relief:

    a.    Award Plaintiff the following unpaid wages:

        i.    His unpaid overtime compensation due under the FLSA; and

        ii.    His unpaid overtime compensation due under the New York Labor Law;

    b.    Award Plaintiff the following liquidated damages:

        i.    Liquidated damages equal to his unpaid overtime compensation under the FLSA;

        ii.    Liquidated damages equal to an additional twenty-five percent of his unpaid overtime compensation under the New York Labor Law; and

    c.    Award Plaintiff prejudgment interest;

    d.    Award Plaintiff reasonable attorney's fees as well as the costs of this action;

    e.    Award all similarly situated employees who opt into this action the same relief that Plaintiff is awarded under the FLSA; and

  f.  Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

### DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury by trial on all questions of fact raised by the Complaint.

Dated: August 29, 2012

_____
ABEL L. PIERRE, ESQ. (AP-5508)
LAW OFFICE OF ABEL L. PIERRE, PC
*Attorney for Plaintiff*
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 766-3323
Fax: (212) 766-3322